Filed 1/18/24  In re G.J. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re G.J.,<br><br>A Person Coming Under the Juvenile Court Law.<br>_____<br><br>HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>B.L.,<br><br>　　　Defendant and Appellant. | A168579<br><br>(Humboldt County<br>Super. Ct. No. JV2200176) |

**MEMORANDUM OPINION**[1]

　　　B.L. (Mother) appeals from the juvenile court's order terminating her parental rights as to G.J. following a Welfare and Institutions Code section 366.26 hearing.[2]  Mother contends the Humboldt County Department of

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Welfare and Institutions Code.

1

Health and Human Services (the Department) failed to comply with the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related state law (§ 224 et seq.) by not questioning extended family members as to whether G.J. might be of Indian descent. Citing this court's conditional affirmance and remand for the limited purpose of compliance with ICWA and California law in an appeal involving G.J.'s sibling (see *Humboldt County Department of Health v. B.L.* (Aug. 22, 2023, A166846) [nonpub. opn.]), the Department concedes that a limited remand for the same purpose is warranted here. We agree and conditionally affirm the order terminating Mother's parental rights and remand for the limited purposes of compliance with ICWA and state law.

The Department detained G.J. pursuant to a juvenile dependency petition under section 300 (petition). In its detention report, the Department noted that Mother was affiliated with the Cherokee Nation, Eastern Band of Cherokee Indians, and United Keetoowah Band of Cherokee Indians. However, the Department stated it did not believe ICWA applied based on an inquiry made of these same tribes in a prior juvenile dependency case involving G.J.'s sibling. Upon ordering G.J. detained, the juvenile court found that ICWA did not apply.

In its jurisdiction report, the Department again stated that ICWA did not apply. The report also referenced G.J.'s maternal grandmother but did not mention any efforts to contact the grandmother about G.J.'s possible Native American ancestry. The juvenile court sustained the petition.

In its disposition report, the Department noted that "[n]o new information regarding [G.J.'s] Native American ancestry has been received." But the report made no mention of any efforts to ask the maternal grandmother or three other maternal relatives identified in an attached

2

Family Findings Efforts Report whether G.J. had any Native American ancestry.

The juvenile court declared G.J. a dependent of the court, placed him in foster care, and bypassed reunification services to the parents. The court eventually terminated all parental rights and ordered a permanent plan of adoption. In doing so, the court again found that ICWA did not apply. Mother timely appealed.

On appeal, Mother only contends the Department failed to comply with its duty of inquiry under ICWA because it did not attempt to locate or interview G.J.'s extended family members about G.J.'s potential Native American ancestry. The Department concedes that it did not do so and that a limited remand is appropriate so it can comply with its duty of inquiry. We agree.

ICWA establishes minimum federal standards that a state court must abide by "before removing Indian children from their families and placing them into foster care or adoptive homes." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1048.) ICWA's requirements are incorporated in California's statutory scheme through section 224.2. Under that section, once a child is placed into the Department's temporary custody, the Department has a duty to inquire whether the child is an Indian child, including "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child . . . ." (§ 224.2, subd. (b).) If, after the inquiry, there is reason to know that the child is an Indian child, notice pursuant to ICWA must be sent to the relevant tribes under section 224.3, subdivision (a). (§ 224.2, subd. (f).)

The Department concedes it did not ask G.J.'s extended family

3

members whether G.J. "is, or may be, an Indian child" (§ 224.2, subd. (b)) and that a limited remand is appropriate so it can make the required inquiry.

Based on this concession, the order terminating parental rights is conditionally affirmed. The matter is remanded to the juvenile court for the limited purpose of ensuring compliance with the inquiry provisions of ICWA and section 224.2 and, if necessary, the notice provisions of section 224.3. The juvenile court shall order that, within 30 days of the issuance of the remittitur, the Department complete an inquiry into G.J.'s Indian ancestry by interviewing all available extended family members and others who may have an interest in the child. If on remand the court determines ICWA does not apply, the termination order shall remain in effect. But if the court determines ICWA applies, it shall vacate the termination order and proceed in accordance with ICWA and related state law.

CHOU, J.

We concur.

SIMONS, Acting P. J.
BURNS, J.

*In re G.J.* / A168579